IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1997 SESSION



**FILED**

**January 6, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 03-C-01-9612-CR-00478 |
| | ) | |
| | ) | Hamblen County |
| v. | ) | |
| | ) | James E. Beckner, Judge |
| | ) | |
| | ) | (Theft) |
| CHARLES DANA WOODRUFF, ALSO | ) | |
| KNOW AS VICTOR WALKER, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

D. Clifton Barnes
Office of the District Public Defender
1609 College Park Drive
Morristown, TN 37813-1618

Laura D. Perry
Attorney at Law
503 North Jackson Street
Morristown, TN 37814

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Timothy F. Behan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Berkley Bell
District Attorney General
113-J W. Church Street
Greeneville, TN 37745

John F. Dugger, Jr.
Assistant District Attorney General
Hamblen County Justice Center
510 Allison Street
Morristown, TN 37814

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

Joe B. Jones, Presiding Judge

# OPINION

The appellant, Charles Dana Woodruff, also known as Victor Walker (defendant), was convicted of theft in excess of $60,000, a Class B felony, and theft in excess of $10,000, a Class C felony, by a jury of his peers. The trial court found that the defendant was a standard offender and imposed the following Range I sentences: (a) a fine of $25,000 and confinement for twelve (12) years in the Department of Correction for theft in excess of $60,000, and (b) a fine of $10,000 and confinement for six (6) years in the Department of Correction for theft in excess of $10,000. The sentences are to be served consecutively for an effective sentence of eighteen (18) years. In this court, the defendant presents five issues for review. He contends (a) the evidence is insufficient, as a matter of law, to support his conviction for theft in excess of $60,000; (b) the evidence is insufficient, as a matter of law, to support his conviction for theft in excess of $10,000; (c) he, an African-American, was tried by an all white jury, thus denying him a fair jury trial by his peers; (d) it was improper for the prospective jurors to hear a prospective juror say if he was found guilty, he should receive the maximum sentence allowable by law; and (e) the sentences imposed by the trial court are excessive. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

The evidence in the record is clearly sufficient to support a finding by a rational trier of fact that the defendant was guilty of both offenses beyond a reasonable doubt. Tenn. R. App. P. 13(e).

There is no evidence contained in the record to establish a factual basis that the defendant was tried by an all white jury. Tenn. R. App. P. 24(b). Moreover, there are no references to the record or authorities cited in support of this issue. Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).

The statement made by the prospective juror was in response to a question propounded by defense counsel. There was no request for a curative instruction, an objection, or a motion for a mistrial immediately following the prospective juror making the

2

statement in question.  Thus, this issue has been waived.

The issue addressing the excessive nature of the sentences does not contain references to the record or the citation of authorities in support of this issue.  Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
CURWOOD WITT, JUDGE